*Respondeas ouster* awarded.

*B. Swift* and *J. Smith*, for the plaintiff.

*L. B. Hunt*, for the defendant.

---

*Grand-Isle,*
*January,*
*1826.*

## ALEXANDER PHELPS appellee, *vs.* EPHRAIM SAWYER, appellant.

*In actions of covenant broken,* non infregit conventionem, *is not a general issue, but is always to be pleaded in bar.*

*Quere, if a title in a stranger by the statute of limitations, does not operate as an eviction of the grantee of lands? but it must be a perfected and subsisting title, at the date of the grant.*

*Held, that a record of a judgment in ejectment against the assignee of a grantee, and parol testimony, that the land was lost by the statute of limitations, is not evidence for the grantee to support an action in his favour, against his grantor, upon the covenant of warranty in his deed; especially where it appeared that there was a case reserved, and the exceptions not prosecuted by the assignee.*

*But, a regular judgment against the assignee, upon the ground that the grantor's deed to the grantee was void under the statute, by reason of an adverse possession at the time of the grant, would be evidence of a breach of the covenant of warranty, in such action.*

*An adverse possession in a stranger, at the time of giving a deed, (though the deed be void, and the covenants reserved to the grantee, by statute) is not, of itself, a breach of the covenant of warranty;*

*But, it seems, such adverse possession would be a breach of a covenant, that the grantor was the sole owner, and had good right to convey.*

*The grantee, and not his assignee, is the proper person to bring an action for a breach of the covenants in a deed which is void under the statute, by reason of an adverse possession.*

THIS was a motion for a new trial, founded on exceptions to the opinion of the Court, as expressed in the charge to the jury, on the trial of the issue at the last term.

The action was brought to recover damages, for a breach of the covenant of warranty, contained in a deed of land, from the defendant to the plaintiff. Plea, *non infregit conventionem*, concluding to the country, and issue joined.

*Grand-Isle,*
January,
1826.

Phelps
*vs.*
Sawyer

On the trial, the plaintiff read in evidence, to the jury,

1. A deed of mortgage, from the defendant to himself, dated April 20, 1809, containing the covenant in question, and

2. A decree of foreclosure in his favour, against the defendant, upon said deed.

3. A deed from the plaintiff, to one Thos. Dixon, dated May 21, 1811.

4. The record of an action of ejectment, brought by said Dixon against *Campbell & Merihue* ; by which record it appears, that there was a verdict for the said Campbell & Merihue, and a motion for a new trial, founded on a *case reserved*, and that the motion for a new trial was withdrawn, and judgment rendered on the verdict. But the motion itself, and the *case reserved*, did not appear in the record.

He then offered to prove, by *parol*, what took place on that trial, and that Campbell & Merihue claimed title to the premises, by the statute of limitations. To which the defendant objected, but the objection was overruled.

*Asa Aldis* was then sworn, and testified, that he was counsel for Campbell & Merihue, in the cause of Dixon against them, and that Dixon then showed a good title to the land by the statute of limitations, in the year 1800; and then showed a good paper title from *Fullsom*, through *Hazen, Sawyer* and *Phelps*, to Dixon.

The plaintiff then offered to prove by *parol*, that on the trial of the cause, *Dixon vs. Campbell & Merihue*, the defendants (Campbell & Merihue) showed a deed or instrument in writing, and what that instrument was.

The defendant objected to the plaintiff's proving by *parol*, the contents of a written instrument, or any other thing relative to it, without showing that the instrument itself was lost.

The objection was overruled.

Mr. *Aldis* then testified, that on the trial of the cause, Dixon vs. Campbell & Merihue, they showed a deed or writing, purporting to be a deed from Sawyer to Hazen, dated in 1801 or 1802, which writing, he believed, was not acknowledged, or recorded, and that there was only one witness to said instrument, and he rather thought that there was some dispute whether said deed was ever executed by Sawyer, or where the same was found; that Campbell & Merihue introduced said instrument, as they contended, to show the *character* of Hazen's possession, and not as an instrument which conveyed a title to the land, and contended, that the jury might infer from the instrument, that Hazen, after the date of said instrument, claimed said land in his own right, and *adverse* to Sawyer; that he (the witness) was confident that, on the trial of said cause, Campbell & Merihue did not contend that the deed from *Sawyer* to *Phelps,* was void under the statute of 1807, but, that if the possession of Hazen was adverse to Sawyer, after the date of that instrument, then the defendants had a title by the statute of limitations.

*Grand-Isle,*
*January,*
*1826.*

~~~~~~

Phelps
*vs.*
Sawyer.

The witness further said, that he had not a distinct recollection of all the facts on that trial.

The defendant then proved, by a Mr. *Hall,* that the witness came into South-Hero, in the year 1785 or 1786, and that Fullsom was in the possession of the land two or three years before; that Fullsom continued that possession till after Hazen's death, which was about twenty years ago.

He then read, 2dly, a deed from *Fullsom* to *Hazen,* dated February 17, 1800, and 3dly, a deed from *Hazen* to *Sawyer,* (the defendant) dated November 15, 1810.

The plaintiff then offered a Mr. *Gordon* as a witness, who testified, that Fullsom was in possession of the premises more than thirty-five years ago, and that said Hazen married Fullsom's daughter, and lived on the premises until he died; that Fullsom lived on the premises during Hazen's life and afterwards, and that after Hazen died, Fullsom let out the premises sometimes; that Hazen's son lived there some; that a few years before Fullsom died, he made a contract with Campbell, about the premises, and Campbell took Fullsom out of jail; that Campbell administered on Fullsom's estate, and put Merihue in possession, and Merihue continued in possession four or five years, and left the premises about three years ago.

It was admitted by the plaintiff, that he had not shown that he had payed Dixon any thing, in satisfaction of the covenants of his deed to Dixon, or that said covenants were discharged, or that the defendant had been damnified by paying any thing to Dixon, or had been sued by him.

The defendant requested the Court to charge the jury,

1. That the *record* was to be laid out of the case, and that as Sawyer was not a party to the record, it could not prove any thing as against him.

2. That the copy of the record introduced, could not prove any thing against Sawyer, if it had been a full and complete record, and that it certainly could prove nothing in its present mutilated situation.

3. That a covenant of warranty is not broken, until the grantor has been evicted by *an elder and better title,* than he received from his grantor.

4. That the testimony of Mr. *Aldis* was to be laid out of the case, as it could prove nothing against the defendant.

5. That as Fullsom deeded to Hazen, and Hazen to Sawyer, then, if Hazen continued in possession, the legal presumption was, that Fullsom and Hazen were tenants under Sawyer.

6. That if, on the trial of the cause, *Dixon* vs. *Campbell & Merihue,* the defendants did not take any advantage of the deed, Sawyer to Phelps being void under the statute of A. D. 1807, and that it appeared on the trial of said cause, that the title passed through Sawyer to Phelps, and that Campbell & Merihue then waived any objection to that deed in that suit, the defendant cannot now contend, that said deed was void under the statute of A. D. 1807.

7. That the plaintiff could not recover, unless he proved that he had satisfied Dixon, for the breach of the covenants contained in his deed to Dixon, or until he had been damnified, or sued by Dixon.

The Court charged the jury, that the record of the suit, Dixon *vs.* Campbell & Merihue, was evidence, that might be used as against Sawyer, and that it proved an eviction, or that which was tantamount to an eviction, but no more. And that, if the jury found *any one* in possession of the premises, *claiming adverse to Sawyer*, at the time Sawyer deeded to Phelps, in A. D. 1809, that then in that case, the said deed was void under the statute of 1807, and the covenant in said deed was broken, and they must return a verdict for the plaintiff. And that if they found any one in the possession of the premises, in A. D. 1809, when Sawyer deeded to Phelps, that in that case, the facts stated by Mr. *Aldis*, that Campbell & Merihue successfully defended the suit of Dixon vs. them, on the ground of the statute of limitations, was a circumstance from which the jury might infer *the character* of that possession, if it was not otherwise evinced.

The Court also charged the jury, that if they found the fact, which would render the deed void under the statute of 1807, it was not necessary for the plaintiff to prove, that he had paid any thing to Dixon in satisfaction for the breach of the covenant of the deed from *Phelps* to *Dixon*, or that the covenants in said deed were discharged, the *land* not passing by it, and the statute reserving the covenants to the *grantee only*, and not to his assignee.

But the Court did not particularly charge the jury on the 3d and 5th points, on which the defendant's counsel requested the Court to charge, otherwise than as is above stated. To which opinions, &c. the defendant excepted, and the exceptions were allowed by the Court.

*Smalley*, in support of the motion, contended,

1st. That the record, offered in evidence by the plaintiff, shows that there was a *reserved case*, which, by the practice of our Courts, in the action of ejectment, supplies the place of special pleadings, and is legally a part of the record. If this reserved case was produced, the legal presumption is, that it would show what took place on the trial of that cause; but the plaintiff, instead of introducing the reserved case, as a part of the record, offered *parol evidence*, to prove its contents; which, notwithstanding the objection of the defendant, was admitted by the Court. This decision is opposed to one of the first principles of the law of evidence, which is, that the best evidence the nature of the case will admit, must be introduced.—1 *Swift's Dig.* 770.

The Court erred, in admitting the plaintiff to prove, by parol evidence, the contents of a deed, or instrument in writing, from Sawyer to Hazen, which writing, it appeared, was in the hands of Campbell & Merihue, without proving that the same was lost, or showing any other excuse for the non-production of said instrument, or proving by the subscribing witness, or any other

20

person, that said deed or instrument in writing, was ever execut- ed or delivered by Sawyer. 1 *Swift's Dig.* 758, 760, 770.

2dly. The Court charged the jury, that the record, in the suit, Dixon *vs.* Campbell & Merihue, proved an eviction, or that which was tantamount to an eviction.

1. This record cannot be used as evidence against Sawyer, because he is not party or privy. 1 *Philips' Ev.* 247.

2. But if it could, if the record had been full and complete, yet, as it appears by the record, offered in evidence, that Dixon *withdrew* his motion for a new trial, which was founded on a re- served case, and that Dixon, by consent, suffered judgment to be rendered up on the verdict, the record is not any more evidence of an eviction, as against Sawyer, than it would have been, if Dixon had *ordered a nonsuit* in the cause.

3. But admitting that the record was evidence of an eviction, or that which was tantamount to an eviction, this would not avail the plaintiff, unless he shows that the eviction was had on *an elder and better title* than the title he received from Sawyer; for otherwise, the presumption is, that the eviction was had on a title derived from Dixon himself. And, as there was no evi- dence whatever, that the eviction was had on an elder and bet- ter title than the title derived from Sawyer, the Court ought to have charged the jury, as requested by the defendant's counsel, "that this record was to be laid out of the case." *Marston* vs. *Hobbs*, 2 *Mass. R.* 438—*Boniface* vs. *Johnson*, 4 *Mass. R.* 410.

3dly. The Court charged the jury, that if they found any one in possession of the premises, claiming adverse to Sawyer, at the time Sawyer deeded to Phelps, that then, in that case, said deed was *void* under the statute of A. D. 1807, and the covenants of the deed was broken, and they must return a verdict for the plaintiff.

1. This suit is brought for the breach of the covenant of war- ranty only, and the covenant of warranty is not broken, until there is an eviction on an elder and better title, and the posses- sion of any one, claiming adverse to the grantor, is not a breach of this covenant.

2. This part of the charge is clearly incorrect in another point of view. The declaration sets out a covenant of warranty only, and assigns as a breach of the covenant, that one Campbell & Merihue got into possession of the premises, in A. D. 1817, and that the assignee of the grantee could not obtain possession of the premises by virtue of the defendant's title. The plea trav- ersed the breach assigned. The Court, in the charge to the jury, stepped entirely aside from the issue formed by the pleadings, and directed the jury to return a verdict for the plaintiff, for a breach of the covenant, not assigned in the declaration, or trav- ersed by the plea. *Marston* vs. *Hobbs*, 2 *Mass. R.* 436----*Emmer- son* vs. *Minot*, 1 *Mass. R.* 464.

3. If the Court were correct in charging the jury to return a verdict for the plaintiff, if they found any one in possession of the premises, claiming the same adverse to Sawyer, at the time

Sawyer deeded to Phelps, and that question was properly put in issue by the pleadings, then the Court ought to have charged the jury, as requested by the defendant's counsel, that, as Fullsom deeded to Hazen, and Hazen to Sawyer, then, if Fullsom and Hazen continued in possession of the premises, the legal presumption was, that Fullsom and Hazen were tenants under Sawyer.—2 *Jacob's. L. D.* 439—1 *Swift's Dig.* 620.

*Grand-Isle,*
*January,*
*1826.*

*Phelps*
*vs.*
*Sawyer.*

4th. The Court ought to have charged the jury, agreeably to the defendant's sixth request, as it appears by the case, that on the trial of the cause, Dixon *vs.* Campbell & Merihue, Dixon there showed a good title to the premises in Sawyer, at the time Sawyer deeded to Phelps, and that Sawyer's title passed by his deed to Phelps, and from Phelps to Dixon, and that Phelps and Dixon lost the premises by their own neglect, in suffering the statute of limitations to run against their title, after Sawyer deeded to Phelps.

5th. The Court erred, in charging the jury, that if they found the fact, which would render the deed void under the statute of A. D. 1807, it was not necessary for the plaintiff to prove, that he had paid any thing to Dixon, in satisfaction for the breach of the covenant of the deed from Phelps to Dixon, or that said covenants were discharged, &c.

The covenant of warranty is a real covenant, and passes with the land from the grantee to any subsequent assignee. In this case, the breach complained of, was in A. D. 1821, and after the execution of the deed from Phelps to Dixon. If any one was damnified by a breach of this covenant, it was *Dixon*, and *he* has a right to maintain an action against Sawyer, for this breach of covenant.

Therefore, *Phelps* cannot sustain this action, until he has satisfied Dixon, for this breach of covenant, or until he has been sued or damnified. If it were otherwise, the defendant might be compelled to pay twice for the same breach of covenant. *Booth* vs. *Stow* et al. 1 *Conn. R.* 244.

*Whittemore,* contra, contended,

That the record of eviction was properly admitted, to prove the single fact of Dixon's ouster, in as much as that was connected with, and founded on the statute of limitations, as testified by Mr. *Aldis.*

That it was proper to introduce that record, notwithstanding its imperfect condition, to show the existence of the suit, and judgment thereon against Dixon.

That the statute of 1807 furnishes a peculiar case, making the deed absolutely void, when there is an adverse possession, upon its mere delivery, but preserving the covenants entire; to which there is no analogy in the English law.

That it was proper for the plaintiff to prove by parol, the grounds of the decision, in Dixon *vs.* Campbell & Merihue, as those grounds could never become a matter of record.

That a legal presumption of *tenancy* cannot be drawn in opposition to the testimony of *Aldis* and *Gordon.* Besides, Sawyer

*Grand-Isle,*
*January,*
1826.
Phelps
*vs.*
Sawyer.

had himself deeded to Hazen, in 1801 or 1802, by an imperfect conveyance, which deed was used on the trial of that cause, to show that the possession of Hazen was adverse. The acts of Fullsom and Hazen, also, show the possession to have been adverse. The jury, only, could draw a presumption of tenancy; which they have not done; but found a fact wholly inconsistent with such a presumption.

That it does not follow, because Campbell & Merihue did not see fit to take advantage of the statute of 1807, that therefore Phelps has forfeited that right, or that a party, having two good grounds of defence, shall be taken to have waived the one, by making use of the other.

He further insisted, that, as the land never passed to Phelps, nor from him to Dixon, there is no need of showing that Dixon was satisfied for the breach of the covenants, which always run with the land conveyed—that this action is grounded upon the statute of 1807, and can have no connexion with subsequent attempts by Phelps to convey.

That this court will not grant a new trial, when they are satisfied, that substantial justice has been done by the verdict; and that this was abundantly shown by the production of the deed of 1809, the decree of foreclosure, and by the fact, that the plaintiff claimed nothing for damages done him in the suit of Dixon *vs.* Campbell and Merihue.

HUTCHINSON, J. delivered the opinion of the Court.

This is an action of covenant broken, assigning a single breach upon the covenant of warranty. The breach assigned, is an eviction by Messrs. Campbell and Merihue. He, (the plaintiff,) states a deed from Sawyer to him, containing this covenant of warranty, and dated April 20th, 1809. This, it seems, was a mortgage deed, but rendered absolute by a decree of foreclosure. It appears also, that the plaintiff, on the 21st of May, 1811, conveyed the premises to one Thomas Dixon. Also, that Dixon, in the year 1817, finding Campbell and Merihue in possession of the premises described in said several deeds, brought an action of ejectment against them, which was decided in favour of said Campbell and Merihue, in July, 1821. These dates are, probably, unimportant, except in reference to the grounds of the recovery in the action Dixon *vs.* Campbell and Merihue. The defendant, Sawyer, has plead, that he had not broken his covenant: and that is treated, by both the parties, as a general issue. This is not the general issue; but is always pleaded in bar. The general issue, in this case, would be *non est factum.* This irregularity is noticed, though not very important, upon the grounds taken by the Court.

The plaintiff obtained a verdict, and the defendant moves for a new trial, and urges his motion on grounds apparent in the exceptions allowed by the judge. It appears, by the case, that a record was produced by the plaintiff, to show the recovery, by Campbell and Merihue, against Dixon, which was admitted in evidence as was also testimony showing by what ti-

Grand-Isle,
January,
1826.

Phelps
vs.
Sawyer.

tle said Campbell and Merihue recovered. This became necessary for the plaintiff, because, that fact did not at all appear by the record. Upon the investigation of this point, it appeared that Dixon made out his title to the premises sued for, by showing a title, by possession in the year 1800, good by the statute of limitations, in Fullsom, and a good paper title from Fullsom through Hazen, Sawyer and Phelps, to himself. That Campbell and Merihue then set up in themselves a title by possession, under the statute of limitations. Now, the Court are not prepared to say, that a title by adverse possession, is not as good as any other title, to operate as an eviction of the plaintiff, or his assignee; and also, as a breach of the covenant of warranty in the deed from Sawyer to Phelps: but for this purpose, it must be a subsisting title, at the date of Sawyer's deed to the plaintiff. But, upon reference to dates, it appears probable that this title accrued afterwards. It seems that Dixon showed title in Fullsom, by the statute of limitations, in the year 1800; and Sawyer shows a deed from Fullsom to Hazen, dated February 17th, 1800: and *Gordon* testifies, that Fullsom and Hazen both lived on the premises till Hazen died, and that Fullsom lived there afterwards. There could be no presumption, that this possession was adverse to the title that came from the same persons to the plaintiff. And if the proof of a writing from Sawyer to Hazen should have the full effect contended for, in showing Hazen to possess in his own right, and adverse to Sawyer, that writing was dated, in 1801 or 1802. Possession, commencing at that time, could not become a title till the year 1816 or 1817, which must have been six or seven years after Sawyer gave the deed upon which this action is brought. Such an *inchoate* possessory title, growing into a title during the plaintiff's neglect to eject those in possession, can never be considered the foundation of such an eviction, as would be a breach of this covenant of warranty. The defendant warranted against all claims. This means, all claims then existing, which are valid to hold the land. Such a title as this above described, cannot be viewed as an elder and better title, than that of the plaintiff. It is much younger; and by gradual encroachment has obtained the ascendancy. The record of itself can have no force as against the defendant, who was no party to it, nor cited in as voucher; especially, as it appears there were questions of law reserved, which were never decided. For the use the plaintiff would now make of this record, Dixon might as well have entered a *nonsuit*, and let judgment pass in that way. The Court can, therefore, see no way in which this record of a recovery by Campbell and Merihue, with the proof of the grounds on which that recovery was had, can amount to an eviction, so as to charge the defendant on his covenant of warranty.

But the charge of the Court refers to the adverse possession, if any there was, at the time of Sawyer's giving this deed to Phelps, as being itself a breach of this covenant of warranty. In this, the charge was incorrect. Had Sawyer given his deed

*Grand-Isle,*
January,
1826.

Phelps
*vs.*
Sawyer.

with a covenant, that he was sole owner of the premises, and had good right to convey, and the breach had been assigned upon such covenants, this charge would have been correct; for Sawyer could have no right to sell, while any person was in possession adverse to him. Again, if the suit, Dixon against Campbell and Merihue, had passed to a regular judgment upon all points raised, and it had been proved on the trial of this action, that Campbell and Merihue recovered in that action, on the ground of such adverse possession rendering void the deed from Sawyer to Phelps, that would have been an eviction that should be considered a breach of this covenant of warranty. In such a state of things, this part of the charge would have been correct. But it appears that the plaintiff's title was good, and stood without objection, till the title set up by defendant in himself prevailed.

The Court consider the action is brought by the proper party. If there is any breach, connected with the evidence in the case, it must have existed before the plaintiff deeded to Dixon: and Dixon could not sue for such a breach.

Without noticing each point of the charge separately, or the charge upon each point, on account of the errors in admitting and charging the jury upon the adverse possession, and the record introduced to show an eviction,

A new trial is granted.

*Albert G. Whittemore* and *J. C. Thompson,* for the plaintiff.

*B. Turner* and *B. H. Smalley,* for the defendant.