2011 VT 37

## Ann E. Sullivan v. James R. and Betty Stear

[23 A.3d 663]

No. 10-176

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed April 7, 2011

*Mark L. Sperry* and *Hobart F. Popick* of *Langrock Sperry & Wool, LLP*, Burlington, for Plaintiff-Appellant.

*Andrew C. Boxer* and *Jennifer K. Moore* of *Ellis Boxer & Blake*, Springfield, for Defendants-Appellees.

¶ 1. **Reiber, C.J.** Plaintiff Ann E. Sullivan appeals a grant of summary judgment to defendants James and Betty Stear on her slander-of-title claim. We affirm.

¶ 2. The facts giving rise to this action are undisputed. Plaintiff and defendants own neighboring plots in the Andover Ridge subdivision in the Town of Andover. Plaintiff has owned her lot, Lot No. 34, since 1970 but has never developed it. Defendants acquired their lots, Lot No. 35 (Parcel I) and Lot No. 36 (Parcel II), in 1985 and built a house on one parcel the following year. The deed conveying Parcel II to defendants also purported to convey a "Parcel III" described in the deed as "a private driveway

and cul de sac." The "private driveway" referred to in that deed is the access road at issue in this dispute.

¶ 3. In 2006, plaintiff decided to list her property for sale and hired contractors and engineers to prepare a house site on her parcel. In October of that year, one of plaintiff's contractors tried to use the access road to do some site clearing on plaintiff's parcel when defendant James Stear accused him of trespassing on his private driveway. Defendant stated, "[t]his is my driveway, I own it" and "I have a deed to this strip of land." He then told the contractor that he would call the State Police and have him arrested if he continued to use the road. The contractor reported this incident to plaintiff, and her husband subsequently called defendant James Stear. In their conversation, defendant told plaintiff's husband that he had a deed and "clear title" to the access road. Plaintiff's husband protested that the road was a town highway. This was the first time that plaintiff or her husband had heard of defendants' deed to the access road.

¶ 4. Following this incident, plaintiff concluded that defendants' claim would render her lot unsaleable, except at a prohibitive discount[1] and thus chose to postpone putting the lot up for sale until the question of the access road was resolved. Plaintiff sought a declaration in Windsor Superior Court that the access road had become a town highway in 1969 or 1970. She also sought damages representing attorney's fees, diminished property value, and certain carrying costs associated with her inability to sell. On plaintiff's claim that the access road was a town highway, the court entered partial summary judgment in plaintiff's favor in August 2008. The court acknowledged that the access road was not listed on the town highway map and had not been treated as a road by the town highway commissioner but noted that plaintiff's claim was based on a theory of dedication and acceptance, which focuses on whether the road was ever accepted by the town as public rather than whether the town thereafter maintained the road. The court found that the evidence of acceptance was "so strong" that plaintiff was entitled to summary judgment regardless of whether the town had ever actually maintained the road. This determination was not appealed.

¶ 5. After this decision, to which the town was not made a party, defendant James Stear went to a selectboard meeting and re-

---

[1] We note that plaintiff presented no evidence, nor did she contend, that she ever actually put her property on the market.

quested that the selectboard clarify the status of the access road. The selectboard determined "that all they could do [wa]s issue a statement that this 'driveway' has never been a town road," and subsequently wrote a letter to this effect.[2]

¶ 6. It was against this backdrop that plaintiff brought her slander of title claim.[3] Plaintiff contended that defendants slandered her title by: (1) recording the 1985 deed; (2) announcing to plaintiff's contractor in October 2006 that they had exclusive ownership of the access road; and (3) appearing at the town selectboard meeting in November 2008 and requesting a declaration as to the status of the access road. The trial court granted summary judgment in favor of defendants. We agree and affirm.

¶ 7. This Court reviews a motion for summary judgment de novo using the same standard as the trial court. *Springfield Terminal Ry. v. Agency of Transp.*, 174 Vt. 341, 344, 816 A.2d 448, 452 (2002). We will affirm summary judgment if "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3).

¶ 8. To prove slander of title, plaintiff must show that: (1) defendants published a false statement concerning plaintiff's title; (2) the statement caused special damages; and (3) defendants acted with malice. *Wharton v. Tri-State Drilling & Boring*, 2003 VT 19, ¶ 14, 175 Vt. 494, 824 A.2d 531 (mem.). "The essence of the tort is the publication of an assertion that is derogatory to the plaintiff's title to property in an effort to prevent others from dealing with the plaintiff." *Id.*

¶ 9. Plaintiff claims that defendants slandered her title by recording their 1985 deed, which showed defendants as the owners of the access road. The preliminary question in addressing plaintiff's claim under a *Wharton* slander-of-title analysis is whether the recording of a deed amounts to publication. The common law treats "publication" for the purposes of slander of title the same way it treats "publication" in defamation actions generally. See Restatement (Second) of Torts § 624 cmt. e, § 623A cmt. e (1977).

---

[2] It was not until April 2009 that the town reversed its position and formally adopted the access road as a class 4 town highway (later upgraded to class 3).

[3] Plaintiff also brought claims for tortious interference with her right to public travel and fraudulent recording of a deed. Summary judgment was granted in defendants' favor on these claims, and plaintiff has not appealed. The only issue before the Court is the slander-of-title claim.

Virtually any written or oral false statement of fact concerning plaintiff's property made to a third party will satisfy the "publication" element of a slander-of-title action. See *id.* § 623A cmt. e (explaining that publication of the false statement must be made to a third person, but "may be in writing or it may be oral. It may also be implied from conduct and not expressed in words.").

¶ 10. Under this broad standard, the recording of a deed as public record is most certainly a publication. Further, the statements within the deed — that defendants owned "Parcel III" — were false.[4] This leaves the question of whether the false statements in the 1985 deed concerned plaintiff's title. We conclude they did not.

¶ 11. Whether a statement concerns a person's title revolves around whether it affects that person's ability to make deals with others regarding the property disparaged. *Wharton,* 2003 VT 19, ¶ 14. In other words, one claiming slander of title must have a transferrable ownership interest capable of disparagement. Restatement (Second) of Torts § 624 cmt. c ("Any kind of legally protected interest in land, chattels or intangible things may be disparaged if the interest is transferable and therefore salable or otherwise capable of profitable disposal."). Plaintiff had no such interest in the access road. Plaintiff may have had a right to use the road, but this right was derived from her status as a member of the public. All members of the public have a right to use public roadways, but the right to traverse a public road is not equivalent to a transferable ownership interest capable of profitable disposal. Thus, while defendants' deed may have amounted to publication of false facts, it did not concern plaintiff's title because plaintiff had no legally protected interest in the road, and therefore no statement by defendants could possibly affect plaintiff's ability to enter into "dealings" with others regarding the road.[5]

---

[4] The trial court found that the access road has been a public highway since 1969, and this decision was not appealed.

[5] Plaintiff argues that the false statements in defendants' deed concerned her title because under Vermont common law property owners have a right to access abutting public roads and access to and from a public highway is an incident of property ownership. However, the right to access public roads as an incident of property ownership is similar to the right of the general public to traverse roads; it is not an interest capable of profitable disposal. The right could never be the

¶ 12. The other two theories on which plaintiff bases her slander-of-title action fail for similar reasons. Plaintiff contends that defendant's statements to her contractor effected a slander of her title. She also argues that defendant slandered her title by appearing at the town selectboard meeting to request a declaration as to the status of the access road. Even if these statements amounted to publication of false facts, for the reasons outlined above, plaintiff can show no interest concerning her title that has been disparaged, and thus these statements do not concern plaintiff's title. We therefore affirm the trial court's grant of summary judgment in favor of defendants.

*Affirmed.*

_____

subject of bargain or dealings with third parties and hence does not concern plaintiff's title.