VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-00727



| Alan Davis et al v. Margaret Maxwell et al |
| --- |

# ENTRY REGARDING MOTION

Title:       Motion to Dismiss (Motion: 5)
Filer:       Matthew M. Glitman
Filed Date:  July 07, 2025

In this case, plaintiffs Alan and Judith Davis have filed an action against Margaret Maxwell and Daniel and Alice Letourneau to quiet title to a road at plaintiff's home in East Charleston. Defendants have moved to dismiss for defective process under Rule 12(b)(4) of the Vermont Rules of Civil Procedure and for failure to state claim under Rule 12(b)(6). For the reasons set forth below, the motion to dismiss is granted in part and denied in part.

## Background

The amended complaint alleges the following facts. All the parties are neighbors in East Charleston. Plaintiffs live at 5689 VT Route 105. Margaret lives at 235 Bly Farm Road, and Daniel and Alice live at 27 Bly Farm Road. In 1996, Margaret deeded plaintiffs their land including, according to a 2024 survey report, the entirety of a driveway or road known as Bly Farm Road.[1] Margaret nonetheless claims an interest in Bly Farm Road through a 2023 quitclaim deed to and adjoining parcel from the Estate of Bernard Wilson. Daniel and Alice claim an interest in Bly Farm Road without right and park their vehicles in the road. According to a 2024 survey by Gerald Stockman, Bernard Wilson never owned any rights to Bly Farm Road that his estate could have conveyed to Margaret in 2023. Plaintiffs' amended complaint alleges trespass against all defendants, and breach of warranty and slander of title claims against Margaret for claiming an interest in Bly Farm Road.

---

[1] In previous litigation between the parties, this road was described as "dirt farm road, town highway 26 (also called Bly Farm Road), over which the Town of Charleston had a fifty-foot right of way." *See Davis v. Maxwell*, No. 2016-381, 2017 WL 1506426, at *1 (Vt. Apr. 24, 2017) (unup. three-justice entry order).

## Analysis

As noted above, defendants move for dismissal for both defective process and failure to state a claim.

A motion to dismiss based on defective process is governed by Rule 12(b)(4). *See* Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1353 (4th ed.) ("An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." (discussing analogous federal rule)). Defendants appear to complain that the summons issued in this case did not include the email address of plaintiffs' counsel. *See* V.R.C.P. 4(a). But defendants do not contend they were prejudiced by this omission. Accordingly, the court declines to dismiss under Rule 12(b)(4). *See id.* (defective process only requires dismissal under Rule 12(b)(4) if it causes prejudice).

A motion to dismiss for failure to state claim for which relief can be granted is governed by Rule 12(b)(6). A complaint should be dismissed under Rule 12(b)(6) "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Birchwood Land Co. v. Krizan*, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). In considering a motion to dismiss, the court construes alleged facts and draws all reasonable inferences from those alleged facts in favor of the non-moving party. *Id.* Ultimately, the court must determine "whether the bare allegations of the complaint are sufficient to state a claim." *Id.* Documents relied on in a complaint merge into the pleadings and may be considered on a motion to dismiss. *Sutton v. Purzycki*, 2022 VT 56, ¶ 20, 217 Vt. 326. Defendants argue all the claims in the amended complaint fail as a matter of law.

With respect to the breach of warranty claim against Margaret, defendants argue that Margaret only warranted title to plaintiffs' property at the time of the grant in 1996, and did not warrant or defend any rights related to the land that she retained or might obtain in the future. The 1996 deed includes a covenant from Margaret that she is "the sole owners of the premises," had "good right and title to convey" the premises, and that the premises "are free from every encumbrance except easements of record." Amend. Compl., Exh. 1. Margaret also warranted to defend "the same against all lawful claims whatever." *Id.* The court agrees with defendants that plaintiffs cannot state a claim for breach of the warranty and covenant in the 1996 deed based solely on this language and Margaret subsequently acquiring, from a third party, an adjoining parcel in 2023 that potentially encroaches on a portion of the property conveyed in 1996 (according to surveys conducted in 2017 and 2024). *See Phelps v. Sawyer*, 1 Aik. 150 (Vt. 1826) ("The defendant warranted against all claims. This means, all claims then existing, which are valid to hold the land.").

To state a claim for slander of title, the complaint must allege (i) publication of false statement concerning the claimant's title, (ii) which caused claimant "special damages," and (iii) that the speaker "acted with malice*." Sullivan v. Stear*, 2011 VT 37, ¶ 8, 189 Vt. 442. "The essence of the tort is the publication of an assertion that is derogatory to the plaintiff's

title to property in an effort to prevent others from dealing with the plaintiff." *Id.* (quotation omitted). The amended complaint fails to allege any facts that could satisfy the second and third elements of this tort.

Finally, "[t]respass involves the *unprivileged* entry on to the land in possession of another." *Ondovchik Fam. Ltd. P'ship v. Agency of Transp.*, 2010 VT 35, ¶ 10, 187 Vt. 556. "By definition, trespass involves conduct that the trespasser has *no right* to engage in." *Id.* Here, the amended complaint sufficiently alleges that plaintiffs lawfully possess the entirety of the drive known as Bly Farm Road, and that both Margaret and the Letourneaus have been entering onto plaintiffs' property without the legal right to do so. Even if the court considers the Town's fifty-foot right-of-way over Bly Farm Road, as previously found in the related case, the allegations in the amended complaint are sufficient to state a claim that defendants have exceeded whatever right of transit they may have derived from Town's right-of-way. *See Davis*, No. 2016-381, 2017 WL 1506426, at *1. Under Vermont's liberal pleading standard, plaintiffs have stated a claim for trespass against each defendant.

## Order

The motion to dismiss is GRANTED IN PART AND DENIED IN PART. The motion is granted with respect to plaintiffs' claims for breach of warranty and slander of title but denied with respect to plaintiffs' claim for trespass.

Electronically signed on: 10/2/2025 pursuant to V.R.E.F. 9(d)

_____

Benjamin D. Battles
Superior Court Judge